

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# Suprilyanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Suprilyanto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4133

———

SUPRILYANTO, FNU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
Respondents

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A96-253-205)
Immigration Judge: Hon. Charles M. Honeyman

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2008

Before: SLOVITER, SMITH, and STAPLETON, Circuit Judges

(Filed February 15, 2008)

———

OPINION

———

SLOVITER, Circuit Judge.

Fnu Suprilyanto petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings. We will deny the petition for review.

**I.**

Suprilyanto is a native and citizen of Indonesia and an ethnic Chinese Christian. He entered the United States on or about November 26, 1996 pursuant to a temporary non-immigrant visa, but overstayed his authorization to remain temporarily in the United States. Over six years later, he applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

At the evidentiary hearing before the Immigration Judge ("IJ"), Suprilyanto testified about several incidents of verbal insults and one incident where he was punched and slapped around, which he claimed was because he was a Chinese Christian. He also recalled one occasion where rocks were thrown at the house in which he was living with his brother by people who yelled "Chinese, Chinese." A.R. at 102. He and his brother moved about thirty minutes away, where they did not have further problems other than in processing documents such as a national ID card.

The IJ found that Suprilyanto's request for asylum was untimely and that he had not demonstrated changed or extraordinary circumstances that excused the delay. See 8 C.F.R. § 1208.4(a). The IJ also found that Suprilyanto failed to establish past persecution

2

or a well-founded fear of future persecution were he to return to Indonesia. Further, the IJ concluded that Suprilyanto did not qualify for CAT protection. However, the IJ granted Suprilyanto's request for voluntary departure. The BIA adopted and affirmed the IJ's decision.

The BIA subsequently denied Suprilyanto's motion to reopen his proceedings because, construing it partly as a motion to reconsider, it was untimely under 8 C.F.R. § 1003.2(b)(2), and because none of the evidence showed changed country conditions that would affect his eligibility for asylum. Suprilyanto appeals this denial. We review the BIA's denial of a motion to reopen for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002).

## II.

We lack jurisdiction to review the finding that Suprilyanto's asylum petition was time-barred because it does not present a constitutional claim or a question of law. See Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006) (citing 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D)). The fact that Suprilyanto filed a motion to reopen does not change the result. See Mehilli v. Gonzales, 433 F.3d 86, 92 (1st Cir. 2005).

Suprilyanto argues that the BIA's denial of his motion to reopen was "contrary to law," because the BIA failed to consider Sukwanputra, 434 F.3d at 637, a case which this court remanded because the IJ had failed to address whether a pattern or practice of persecution existed in Indonesia. This argument is without merit because in this case the

3

IJ specifically found there was no evidence of a pattern or practice of persecution against Chinese Christians in Indonesia. Suprilyanto also argues that the BIA improperly failed to "grant weight" to the evidence he submitted with his motion to reopen. Pet. Br. at 12. At most, this argument challenges the BIA's factual findings, a challenge over which we have no jurisdiction as we are limited to questions of law.

We agree with the government's contention that Suprilyanto failed to preserve his withholding of removal claim but, in any event, conclude that there was substantial evidence to support the BIA's determination that Suprilyanto failed to show he was entitled to withholding of removal. See Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003).

**III.**

For the above-stated reasons, we will deny the Petition for Review.

_____